# GRAFTON,

## JANUARY TERM, A. D. 1846.

---

### LADD *v.* DEMING.

An application to take the oath provided by law for the relief of poor debtors, need not describe the statute which contains the provision, and an erroneous description of it may be rejected as surplusage.

DEBT on a gaol bond, dated on the 15th day of November, 1843, in which the defendant was the surety of one Jonathan B. Rowell, who was arrested on execution, and after the delivery of the bond was admitted to take and actually took the oath provided by law for the relief of poor debtors.

The application which was made by Rowell to the magistrate for leave to take the oath, described the oath as that prescribed by a statute of this State, passed on the 3d day of January, 1829, entitled an act, &c. The notice was given by leaving a copy of the application and order.

The plaintiff objected to the sufficiency of the notice, for the reason that the statute described had been repealed. There was no appearance at the taking of the oath. The parties submitted the foregoing statement of facts, and agreed that the court should render such judgment as to them should seem meet.

*Bryant,* for the plaintiff.

*Hibbard,* for the defendant.

GILCHRIST, J.    The application which was made by Rowell, the debtor, set forth all that was required by the Revised Statutes, ch. 200, sec. 1, to be set forth in order to entitle him to the benefits provided in that chapter.    It was directed to the proper magistrate, and it contained a prayer that the applicant might be admitted to take the oath prescribed by law for the relief of persons whose cases are represented in the application.    But the particular statute providing for the relief is misdescribed as a statute passed on the 3d day of January, 1829, which statute had been repealed ; and the question is, whether a legal case was made by the application for the action of the magistrates, and whether the notice issued thereupon was sufficient to charge the plaintiff, and to bind him by the subsequent proceedings.

The case of *Bunker* v. *Nutter*, 9 N. H. 554, was in some respects like the present ; but as the creditor there appeared and did not at the hearing object to the notice, the question which here occurs did not arise.

In *Hutchins* v. *Osgood*, 6 N. H. 370, an objection was taken that the application for relief misdescribed the action upon which the judgment was founded that furnished the occasion for the arrest.    The court say in regard to it, " It is a sufficient answer to this objection, that it was not necessary to state the nature of the action in which the judgment was recovered ; and that, although it was stated in this case in the application, and a copy of the application, as well as of the order, made a part of the notice served upon the creditor's attorney, there is nothing to suggest a supposition that the creditor or his attorney could have been misled by the erroneous statement of the form of the action."

" The notice," the court say, " was substantially good without this statement, and the mistake being in a particular wholly unessential, and one by which the plaintiff could sustain no injury, this objection must be overruled."

Ladd *v.* Deming.

That case appears to furnish a principle upon which the present question may well be determined. The matters stated in the application were sufficient to entitle the party to the benefit of the law, without describing the law itself, or reciting any part of it. In general a public law will be taken notice of by courts or magistrates whose duty it may be to administer it; and the party seeking to avail himself in any way of its benefits, either by pleading or otherwise, has only to show, in a proper form, the facts which constitute his case. The legal conclusions are left with the court or magistrate, as the case may be, to draw, and it is no part of the pleader to indicate the statute, or the legal principle which furnishes the relief, bar, or other benefit sought by his proceeding. It was, therefore, wholly unnecessary and immaterial for the applicant to state the time when the law was passed which provided the form of the oath and the relief.

A question like this arose in *Bussey* v. *Briggs*, 2 Met. 132, and the court there held that an application for the benefit of a statute of 1787, with a corresponding notice, was sufficient to authorize proceedings under the 98th chapter of the Revised Statutes, passed in *pari materia.* A mere verbal variance, which could not mislead the creditor, the court held ought not to vitiate the proceedings. That case is an authority directly in point.

We are of the opinion, therefore, that the notice was sufficient, and there must be

*Judgment for the defendant.*